IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE WHALEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00797-JPG |
| ) | |
| NORTHERN FREIGHT, LLC, ) | |
| AHMED SANKUS, ) | |
| SAFARA EXPRESS, LIMITED ) | |
| LIABILITY COMPANY, and ) | |
| FEDEX CUSTOM CRITICAL, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

This matter comes before the Court on two motions to amend the pleadings. On September 13, 2022, Plaintiff Wayne Whalen ("Plaintiff" or "Whalen") filed a motion for leave to amend his complaint by adding Count V against FedEx Custom Critical, Inc. ("FedEx") (Doc. 103). On October 11, 2022, FedEx filed a response opposing the leave to file the amended complaint (Doc. 105). Plaintiff filed a reply (Doc. 108). Additionally, on October 11, 2022, Defendants Northern Freight, LLC ("Northern Freight") and Ahmed Sankus ("Sankus") filed a motion for leave to file an amended answer. This motion remains unopposed and the time for doing so has lapsed.

**II.   Factual and Procedural Background**

This case arises from a motor vehicle accident on July 21, 2020. Plaintiff was driving on Interstate 70 in Cumberland County, Illinois. Plaintiff was involved in an accident with Sankus, who was driving a 2014 Freightliner Straight Truck. Plaintiff has amended its complaint multiple times (Docs. 8, 37, 76). While the first amendment was required by the Court to fix a jurisdictional defect, this is Plaintiff's third request to amend its complaint, either to add a party or add counts.

1

On March 31, 2022, Plaintiff filed his Third Amended Complaint adding FedEx as a defendant in this matter, which alleged that FedEx was vicariously liable for the collision caused by the alleged negligence of Sankus. (Doc. 76). Plaintiff now requests to add Count V for Negligent Hiring and Retention claim against FedEx as an alternative theory of liability against FedEx.

### III.   Analysis

#### a.   Motion to Leave to File Amended Complaint

Plaintiff requests to file a third amended complaint in this matter. As stated previously, Plaintiff filed its motion for leave on September 13, 2022. FedEx filed its opposition on October 11, 2022. In Plaintiff's reply, Plaintiff states this Court should not consider FedEx's opposition because it is untimely.

The Local Rules for the U.S. District Court Southern District of Illinois ("SDIL-LR") shall apply in all civil and criminal proceedings. Rule 1.1(b). Rule 7.1(c) is reproduced below:

> (c) Motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, to suppress, and all post-trial motions shall be supported by a brief. The motion and brief may be combined into a single submission.
>
> > (1) An adverse party in a civil case shall have 30 days after service of a motion listed above to file a response.

Rule 7.1(c)(1). The motion for leave to file an amended complaint is not a motion to remand, dismiss, judgment on the pleadings, summary judgment, suppress, or a post-trial motion. Therefore, the briefing period for a motion for a finding of good faith is captured by Rule 7.1(g). Rule 7.1(g) is reproduced in part below:

> For all motions other than those listed in subsection (c) above, a supporting brief is not required. A party opposing a motion not listed in subsection (c) shall have 14 days after service of the motion to file a written response. Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.

Rule 7.1(g) (emphasis in original). The Local Rules, which apply to all civil proceedings apply in this case. Therefore, the Local Rules are the "court ordered" deadline that the courts within this district set. Additionally, the Local Rules are clear that, other than an enumerated list of motions laid out in Rule 7(c), a party opposing a motion shall have 14 days after service of a motion. Therefore, FedEx's opposition was due September 27, 2022. The Court, could consider FedEx's failure to respond within the 14-day period as "an admission of the merits of the motion." Rule 7.1(g).

FedEx provides no reason for "good cause" for failure to adhere to the rules of this district. However, the Court will use its discretion and still consider the merits of FedEx's opposition. This Court will do so because briefing periods for other motions have been pending and Plaintiff does not indicate how it has been prejudiced by FedEx's delay.

Plaintiff requests to add Count V against FedEx alleging negligent hiring and retention. FedEx argues that Plaintiff has not articulated a basis for a negligent hiring and retention claim (i.e. it is a futile amendment), and that Plaintiff's Motion for Leave is not timely. The Court agrees with Plaintiff that the negligent hiring and retention claim is not futile, and it is timely.

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "There is a presumption that a plaintiff should have an opportunity to test a claim on the merits," *Lee v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019), so "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). On the other hand, leave to amend may be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Futility" means that the complaint, as amended, would

fail to state a claim upon which relief could be granted. In reviewing for "futility," the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion. *Chen v. Mayflower Transit, Inc.*, 159 F. Supp. 2d 1103, 1107 (N.D. Ill. 2001).

FedEx argues that the subject truck was being driven under authority of Northern Freight and not under the authority of the Department of Transportation authority of Safara. (Doc. 105 at 2). Further, FedEx argues that such an argument is made in bad faith and without basis. Plaintiff responds that the DOT authority is a disputed issue of fact in this case. (Doc. 108 at 3). Additionally, to respond to FedEx's claims that the argument is made in bad faith, Plaintiff attaches the Affidavit of Walter Guntharp, Plaintiff's expert, and lease agreement between Safara and Northern Freight. *Id*. The Court finds that this argument is made in good faith and is not futile at this point, especially given this Court's directive to freely give leave when justice so requires.

Additionally, Plaintiff's Motion is timely. Plaintiff's motion complies with statute of limitations as well as within the Court's scheduling order to amend the pleadings.

### b. Motion to Leave to File Amended Answer

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules dictate that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Plaintiff does not oppose Defendant's Motion for Leave to File an answer and the time for doing so has passed. The Court GRANTS Defendants' Motion for Leave to File an Answer (Doc. 106).  Defendants can file their amended answer to Plaintiff's Amended Complaint within the timeframe prescribed by the Local Rules in the Southern District of Illinois.

## IV.     Conclusion

The Court hereby:

- **GRANTS** Plaintiff's Motion to Amend Third Amended Complaint (Doc. 103);

- **GRANTS** Northern Freight and Sankus Motion for Leave to File Amended Answer (Doc. 106); and

- **ORDERS** Plaintiff to file the Third Amended Complaint within 7 days entry of this Order. Answers to Plaintiff's Amended Complaint are due within the timeframe laid out in SDIL-LR.

**IT IS SO ORDERED.**
**Dated: November 30, 2022**

<u>/s/ J. Phil Gilbert</u>
J. PHIL GILBERT
DISTRICT JUDGE