IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA MILLAM, ADMINISTRATOR OF THE ESTATE OF WAYNE WHALEN,   Plaintiff, | ) ) ) ) ) ) |
| vs. | ) )  Case No.  20-cv-00797-JPG |
| NORTHERN FREIGHT, LLC, AHMED SANKUS, SAFARA EXPRESS, LIMITED LIABILITY COMPANY, and FEDEX CUSTOM CRITICAL, INC.,   Defendants. | ) ) ) ) ) ) ) ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Defendant FedEx Custom Critical, Inc. ("FedEx") Motion to Reconsider. (Doc. 128). FedEx requests the Court reconsider an order granting Plaintiff Jessica Millam, as Administrator of the Estate of Wayne Whalen ("Plaintiff") motion for leave to file a fourth amended complaint because the Court did not consider FedEx's timely response in opposition. The Court agrees. The Court now reviews Plaintiff's Motion for Leave to File a Fourth Amended Complaint and FedEx's response in opposition. (Doc. 125).

Motions for reconsideration under Rule 54(b) generally "serve the limited function of correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015) (internal quotation marks and citation omitted). Here, the Court overlooked FedEx's response and considers it now.

Plaintiff requests leave to conform the pleading to the elements under the Survival Act and Wrongful Death Act. (Doc. 124 at ¶ 6). Specifically, Plaintiff indicates that because Wayne

1

Whalen is now deceased, this act survives under the Illinois Survival Act, and because Wayne Whalen death was caused by the collision, there is a Wrongful Death Act claim arising out of this collision. *Id*. at ¶¶ 3-4.

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "There is a presumption that a plaintiff should have an opportunity to test a claim on the merits," *Lee v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019), so "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). However, the presumption "may be overcome if the court finds . . . futility of the amendment . . . ." *Lee*, 912 F.3d at 1052–52 (cleaned up). Futile repleadings include restating the same facts using different language, reasserting claims previously determined, and the inability to survive a motion to dismiss. *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 610 (N.D. Ill. 2015), aff'd, 900 F.3d 521 (7th Cir. 2018).

FedEx argues that Plaintiff's motion for leave to be denied because Counts VII and VIII are subject to dismissal. Specifically, Paragraph Eleven of both of those counts allege FedEx "had a duty to exercise reasonable care, as a broker, when hiring or retaining a carrier to haul the load at issue." However, this Court has previously ruled that FedEx "as a matter of law, Sankus was not an agent of FedEx." (Doc. 123 at 12). The Court further found the load was double brokered, and the relationship between FedEx and Sankus did not amount to a principal-agent relationship. *Id*. Therefore, the Court held FedEx owed no duty to plaintiff. *Id*. Because this Court has determined that FedEx owed no duty to Plaintiff, the load was double-brokered, and no principal-agent relationship existed between the driver Sankus and FedEx, the proposed amended complaint would be subject to dismissal, and therefore futile.

Consistent with this Court's previously order, the Court **GRANTS** FedEx's Motion to Reconsider, **VACATES** this Court's previous order granting Plaintiff's Motion for Leave on February 22, 2023. Plaintiff's Leave to File an amended Complaint is **DENIED**.

**IT IS SO ORDERED.**
**Dated: February 27, 2023**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**

.