IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA MILLAM, ADMINISTRATOR OF THE ESTATE OF WAYNE WHALEN<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN FREIGHT, LLC, AHMED SANKUS, SAFARA EXPRESS, LIMITED LIABILITY COMPANY, and FEDEX CUSTOM CRITICAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  20-cv-00797-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

The plaintiff Jessica Millam ("Millam"), as Administrator of the Estate of Wayne Whalen, now ask for 54(b) judgment against FedEx Custom Critical ("FedEx").  Because the claims against defendants Northern Freight, LLC ("Northern Freight") and Ahmed Sankus ("Sankus") are still pending, any judgment entered by the Court in favor of defendant FedEx at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party.  *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011); *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *accord General Ins. Co.*, 644 F.3d at 379. Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *General Ins. Co.*, 644 F.3d at 379; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). In certifying a ruling for immediate appeal under Rule 54(b), a district court must expressly determine that there is no just reason for delay, using that exact phrase, and expressly direct that final judgment be entered. *See Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992).

The Court recently granted summary judgment in favor of FedEx, finding that there was no principal-agent relationship between FedEx and the driver in this case, Sankus. The Court

therefore dismissed Count 4 of the operative complaint. There have been many updates in the past few months, including the death of Wayne Whalen. Therefore, Plaintiff sought to include claims against Northern Freight, Sankus, Safara Express, and FedEx pursuant to the Illinois Survival Act and Wrongful Death Act. The Court denied the amendment as to FedEx because it found that those claims would be futile. In particular, the counts directed towards FedEx alleged that FedEx had a duty to exercise reasonable care when hiring and retaining Sankus to haul the load. However, this Court has found on summary judgment that the relationship between FedEx and Sankus did not amount to a principal-agent relationship. Therefore, those claims against FedEx would be subject to dismissal and therefore futile. Plaintiff filed an additional motion for leave to file an amended complaint for amendments against all other defendants other than FedEx, which the Court has granted. There are no claims in this case pending against FedEx, and therefore FedEx is dismissed from this case. The Court finds there is an ultimate disposition of the claims against FedEx.

    The Court finds that this claim is sufficiently separable than the claims remaining in the case. The Court uses its discretion to certify a ruling for immediate appeal under 54(b) and finds that there is no just reason for delay. The Court grants the request for a 54(b) judgment and directs the clerk to enter judgment accordingly.

**IT IS SO ORDERED.**
**Dated: April 3, 2023**

                                                                        **/s/ J. Phil Gilbert**
                                                                        **J. PHIL GILBERT**
                                                                        **DISTRICT JUDGE**